case number 23-3226 united states of america versus anthony glover appellant for the appellant mr kahil for the appellate morning miss batty good morning may it please the court mr abati on behalf of anthony glover i'd like to reserve two minutes for rebuttal mr glover asked this court to reverse the district court's denial of his motion to suppress because miss brewer never provided unequivocal specific and voluntary consent to allow law enforcement to enter and search her home and the district court misapplied existing law in concluding otherwise do you specifically consent that you're discussing to be separated out by consent to enter and then consent to search your honor there was a decision made by uh yes there were two there were two points at which the government alleges um that there was consent or that that we also um contend that there was consent purported consent um that was at entry and that was also later to search the home but you're you're alleging a violation as to both you don't have to both correct okay yes and specifically the district court means misconstrued in terms of the legal errors in this case um foremost among them the district court misconstrued the consent standard articulated and bumper and reiterated in schneck cloth that when a law enforcement officer announces that he has a warrant to search an occupant's home the occupant has in effect no right to resist the search that's a direct quote from the case and quote there cannot be consent and that is exactly what happened here but does it cut against your argument if we read the district judge to have found that he did not assert that he had a warrant to search the home but that he had arrest warrants no um first of all uh the district court the district court made uh two errors there one is that the district court did not um properly read bumper um when it said that there was a critical fact there that that distinguished that case um and specifically that police sought consent in bumper by alluding to a warrant that did not exist and that is simply not true um the court in bumper articulated very very specifically in footnote i believe 15 um that there was in fact a warrant but doesn't that not and so that's isn't the point not whether there was a warrant or not but but that the there was a claim of lawful authority in exactly um but i'm just clarifying that because the district court used that quote critical fact to bring this case outside of the purview of bumper but secondly as your honor mentioned it thought that the the fact that um officer creamer was discussing arrest warrants somehow also distinguished this case from bumper and that is also uh not true um there was a distinction on i'm sorry there wasn't a specific naming distinction arrest versus search warrant no i mean that officer creamer said i got warrants that's all he said right but the district court thought uh said that somehow because um miss brewer stated my brothers are not here she understood um officer creamer statement as arrest warrants and somehow that was different but that that does not matter um even assuming that somehow she did understand the warrants to mean of an arrest warrant which is what um the district court said that it wouldn't have mattered uh bumper is about an assertion of lawful authority and what officer creamer did by saying i got warrants and pg county has has your brothers as living here is he asserted that he had the lawful right to enter her home regardless of whether or not she had consent um and that is why i would like to think about is um this whole notion of consent first i want to back you up into um you're said you're challenging consent to enter and you're also challenging consent to essentially search which is going down the hallway into the apartment um there seems to be a distinction in case law about consent to enter versus search you didn't challenge consent to enter specifically we did challenge both um there we challenged both consent to enter as well as consent to search but did you do it in a generic way of consent versus uh distinguishing those two actions uh i think your honor we did distinguish those two actions i mean on uh joint appendix 117 to 118 um defense council noted that creamer needed her to allow him into the apartment and also on j uh joint appendix 139 um she articulated that there are two points it's the entrance and it's also the search for the individual and later the district court agreed that there were quote two things um being and where do you think the record reflects what she's consenting to because that's where i want to spend a little time with you because to me consent would then be thinking about a meeting of the minds like do i just open up and say come on in and then you're in do whatever you want right or is there a consent to something because he says number one may i come in but then it's followed by we or they may i go down the hall but then it's followed by we or they well your honor we contend that there was no consent at any point okay and your honor is absolutely correct come in so i just want to know where would you say if at all she's allowing them to do anything what is she agreeing to your honor she never says come in and that's a key point she never says she doesn't come in down she doesn't even wait wave them down we could yeah let me let me let me go through yes your and your honor is kind of hitting hitting the nail on the head there's a number of factors here and they all point in one direction um now even if we i just want to just make sure that i i hit that bumper point um before moving off of it bumper i think bumper settles this case um you know once officer creamer said that pg county had the living there he asserted that he uh you know had the lawful authority to be there and that's the that is this case so we can end with bumper um but if we're putting aside bumper for a second and we're looking at her actions in the totality of the circumstances we start as a district court did not do with the moment those officers arrived and started knocking at our door the district court made no findings whatsoever before the the officer creamers ask and miss brewers you know slight opening of the door that quiet uh looking down and opening of the door the district court did not even talk talk about the time of day the number of officers the length of time that they were knocking touched on none of that but if we look at that at 6 30 in the and then miss miss brewer opens the door immediately uh you know we have open eyes you saw it on the on the body worn camera footage you know there's no there's no dispute about this um yeah there's uh her aroused from sleep they're all armed some of them have gas masks on and she looks quite surprised and then she starts saying one word responses like and things like that and then we have of course the pleasantry good morning miss brewer um which you know obviously the the district court focused on and and then we have the badgering and the badgering is particularly key um we have uh officer creamer stating i need to search i'm sorry i need to talk to you it's important and he states that um three times and she states he states i need to talk to you uh it's about your brothers um it's important and she states why he says it's about dawn she states what and deandre she states why he says i need to talk to you about them she she says something unclear and he again says it's important i need to talk to you he refuses the standard of review on the reviewing the totality of the circumstances right is is clear error so so maybe what are the what are the main points where you would say there was a clear error i would say because there's you know i understand you're making arguments that there were legal errors maybe under bumper but but if we if we don't find that there's a legal error how do you overcome the clear error standard yes and and that uh and just just to kind of answer both of the questions uh that that um judge child also asked this this passage right here where he is refusing to answer her repeated requests for more information and hiding his purpose not and not revealing that why they're actually there when she's asking him three times that badgering is something that district court did not look to it's it's it's unreasonable and clear error for the that's one of those writing out the entry into the apartment this this all this evidence and discussion you're talking about is about the entry into the apartment it's about the entry but it's also about it again the the entire the entire consent question is a totality of the circumstances question so even if we're looking just at did she consent within the apartment those that precede those preceding interactions that happened at the door are part of the totality of the circumstances that's what shnekloth said and that's what a number of of courts have held um griffin is a great example for example that you have to look at all of the circumstances from the get-go that create an atmosphere of coercion that back her in this case that literally that literally and figuratively and physically backed her into and against a wall and and essentially intimidated her into acquiescence what she did was acquiescence it was not consent and i just want to get back to that badgering um griffin griffin uh which is a case that we cite in our brief cited um johnson which is a supreme court case just prior to bumper and it said um that when the the the deception and trickery on the part of officers who do not disclose the information that they have and wait until they enter the apartment to reveal their true purpose is what johnson dealt with and that right there is is um is trickery and part of that that uh that that whole totality of the circumstance i mean i watched the body cam or in footage and i i think to describe what officer creamer did as as trickery or badgering is i think that's a pretty tough thing to say having watched the video i'm not sure about where the badgering was i mean there was a lot of there was polite interchange i mean i understand you have a question about consent but to describe what the officer did here as badgering seems like quite an over overstatement well your honor he he stated i need to talk to you it's important and she stated why and he refused to answer her question he again stated i need to talk to you it's important and she stated why or what he again said i need to talk to you that repeated refusal to answer her question if we don't call it badgering we could call it insistence or persistence but the courts have called it badgering the courts have called it coercion the courts have called it persistence and again i'm just going to point to point to griffin where the court specifically looked at that that fact and said that the officers in griffin disclosed all of the information at the door they said we want to talk to you because of this we want to talk to you because we need to come to your house and look for x y and z that did not happen here they simply flashed essentially flashed a badge that's what happened in johnson and johnson that supreme court case said entry into the defendant's living quarters which was the beginning of a search was demanded under color of authority it was granted in submission rather than any understanding of the waiver of of the of the under of the intentional waiver of a constitutional right it was simply granted because the officer said we are police officers and we need to come in and talk to you so that was exactly johnson is that your answer to my question with respect to how do they get in yes yes because they are flashing there's alleged warrants that she never sees right well how they got in was they said we're police officers there's seven of us we're blocking your door we need to talk to you it's about your brothers we're refusing to answer any of your questions you need to let us in it's important and they say they have warrants and and and then they say can we come in she opens the door slightly and that's what brings this case into parallel with um you know lindsey for example where you have that silent opening of the door in acquiescence and again johnson says exact same thing exact same thing in johnson um the the law enforcement officers testified i want to talk to a little bit and said she stepped back acquiescently and admitted us exactly what happened here she stepped back acquiescently after they said i want to talk to you and admitted us and that is not consent that is acquiescence to a show of lawful authority based on the totality of the circumstances at entry then after that so we can test that that is not we say that that's acquiescence that's not consent at entry for all the reasons that that i just stated then once they've entered under acquiescence would be who wouldn't allow the officers to come forward well you've got warrant you've got seven of them they're around you absolutely i mean yes and it's a subjective standard and she looking at her demeanor i mean we have the body cam footage as the district court said we don't have to even look at the words of the officers we have the video in front of us her face drops when he says when the officer says it's about your brothers i mean she probably thinks they're dead he says it's important i need to talk to you why it's important i need to talk to you what it's important i need to talk to you why he refuses to answer her what is at that point it's either close the door don't hear what happens to your brothers that seven officers woke you up or let them in and she quietly without any any facial expression mute looking at the floor opens the door it's it's it's absolutely clear error to think that that is is consent is voluntary and unequivocal and let me just make that point too unequivocal and specific consent is that voluntary and unequivocal which the district court also did not make a fine but it also wasn't preserved there's a real question about the objection um on entry as opposed to uh your objection on mr glover's behalf to the walking through the i mean i as i read the supplemental briefing it focuses specifically on in the district court it focuses specifically on the um walking through the apartment not on the entry well judge i um i would i would disagree with that i i the two point the two passages that we pointed out were just two examples you know when she said defense counsel and again uh ja 117 ja 139 specifically says two points there are two points it's the entrance and it's also the search and then the district court also talked about two i mean obviously the district court was focused on the warrants and from the get-go but the fact that the district court you know um guided the questioning to a certain point and wanted to focus on the whales and the outstanding warrants does not mean that we waived uh we intentionally waived the argument as to entry i mean that's it's not it's it's clearly something we raised from the get-go and then we cited cases in our supplemental briefing that talk about entry specifically um and and we talk about that in our brief so to think that we intentionally waived it is just not reflected in the record and then and then furthermore you know the district court obviously i think i think what happened in in that hearing is that the district court was very much concerned with the question of you know if she opened the door does that mean she also consented later to the search through the home and she kept going back to that question because she was very much just trying to figure out well if he said if you let him in does that mean they get to search another thing is i want to you know focus on your last word search because i want to know how we're defining search um it appears that in the order i believe ja175 that uh he was explicit that he just wanted to check each room to ensure that the wanted individuals were not present and that he had no intention of going through drawers or opening containers so what are you thinking about as search because apparently he says i just want to look for them to see if they're not here and when you go down in an apartment it was very clear the rooms you look they're not there but then of course um in plain view they find the gun so i'm trying to focus on what are we meaning by search anyway well he wants what he says is he wants search or was it a i want to look well what he says is what i need to do uh is i need to visually see that they're not here check them off i'm gone so he's saying i need to look you know and and to me when he says that he says i'm not leaving until you let me look and make sure that your brothers are not here even though you've told me but but i'm trying to gather yes look what does that mean to search to search yes i mean to start like does that mean just look and if they're there yes not then i'm out of here or does that mean look into the contents and everything of the well he says you know and and we don't he says without touching any of your stuff without disrupting your house even you know he's saying i want to look at your so it's a bit others it's just a visual look it's a it's a look for the brothers for the for those brothers um specifically just that specifically just that yeah that's what we don't we just to kind of clarify on this exchange if the person doesn't live in the house then an arrest warrant doesn't authorize police even if they have reasonable suspicion that the that the person named in the warrant might be there that the an arrest warrant doesn't authorize the kind of entry that that occurred in this case i mean that's correct unless there's a reason to believe that those individuals are in that apartment right if like we're at a third party's we're at miss with miss brewer's apartment an arrest warrant wouldn't give him i mean that's why the government's relying on consent here i mean if they had a valid arrest warrant for this property they wouldn't need consent in the first place but he needs consent and he test you know he testified that we everyone agrees he needs consent that's why he's trying to get consent out of miss brewer but the way that he describes the way that he states miss pg county has your brothers as living here that that is key and i've got warrants i need to look once pg county has your brothers is living here that's an arrest that's a valid arrest warrant i mean that clearly conveys that i have the lawful authority to be here and look for your brothers pg county has your brothers as living here i got warrants shuffling papers that's that's an arrest warrant to say i have authority i that is lawful authority to be there so what's your request because you're arguing um no voluntary consent to enter which you know we'll discuss whether or not that was preserved uh no voluntary consent to go down the hall and search yes and then also this distinction between voluntariness of consent versus mere acquiescence which that category seems more like a legal error that if you're going that route that the district court did not make those distinctions yes i mean that we were we're contesting the consent at both places as you know we're contesting the legal conclusions that this that the specific actions of officer creamer and miss brewer were sufficient to constitute unequivocal specific and voluntary consent under lindsey and that that conclusion was not something that the district court made she never said this is unequivocal and specific right so that that again legal error uh you know number three right there um the district court did not apply properly apply bumper we talked about that critical fact piece of it um and how the how the district court somehow thought you know there's no valid warrant in bumper so you know which is wrong which is just flat wrong it's it's that's not the case in bumper and then it also thought that the understanding of arrest warrants somehow distinguished you know this case which is again wrong because because the way that officer creamer stated pg county has your brother as your brother's living here and i got warrants you know he he absolutely conveyed that i have the lawful authority to be here and miss brewer now that does i mean that means that i have the lawful authority to be here and i and actually i want to i want to just highlight because i think it's it's a it's a um it's a useful just uh something to to point out is justice harland's concurrence on on page 552 of a bumper he states that with respect to miss leith and miss in in bumper nothing miss leith said in response to the announcement of the warrant can be taken to mean that she considered the officer's welcome in her home with or without a warrant what she would have done had the sheriffs not said he had a warrant is on this record a hypothetical question about an imaginary situation that miss leith never faced same thing here it's pointless to think about well what if the warrant statement didn't exist or what if there you know what if this wasn't an arrest warrant or what if it was actually you know the rest warrant didn't wasn't actually valid or we thought that uh you know it didn't mean it was you know it doesn't matter she heard the word warrants he said i got warrants we don't need to go meandering into an imaginary situation once he said that then that's it um okay i'll i'll uh reserve the rest of my time for rebuttal thank you you morning mr cahill morning your honor may it please the court timothy cahill for the united states the district court in this case carefully reviewed and considered the evidence made the permissible finding that miss brewer understood officer creamer's words to her to be a request to look her apartment and that she voluntarily consented to that request look through her apartment or look for somebody well look through her apartment to look for her brothers it's to be more specific it still seems that you're focusing finding people not a true search going you know in drawers or under the bed or doing anything i think that's exactly right your honor with respect to the scope of what the officers were asking to do but critically is that the trial court having examined and reviewed all of this evidence made as a factual finding that miss brewer's understanding is that that was a request was a request for consent and that wasn't a clearly erroneous finding and therefore it should be affirmed okay and then i want to go back to what is she consenting to because the creamer says may i come in but then he's followed in by the officers so may i go down the hall but then he's followed by the officers i'm just trying to think about when we have these cases we're giving guidance to lay persons about what's respectable what's allowed what the police can and cannot do and so i want to know what you perceive her to be consenting to so i'll focus first your honor on what happens inside the apartment our position that i'm happy to address if the court has questions about it is anything at the entry was not properly preserved but certainly the the issues with inside the apartment we believe were preserved and that's what we believe the court should be addressing here inside the apartment at the time that he's asking you're correct your honor he says the word i at that point however there are all the other officers standing there in his presence there's no argument made to the district court that she understood that she would have understood the scope of the consent only to apply to the officer asking the questions not the other officers there so i think that readily explains why the district court didn't make an express finding on it but so here on review the question is whether any reasonable view of the record would support the district court's denial of the claim and certainly it would not have been clear error for the district court to have found implicitly that the request applied to all of the officers or at least more than one of the officers who had already entered the apartment otherwise why would she have thought they were there well we understand why they were there because they're flashing arrest warrants that she never sees right well so the the arrest warrants are presented to her at that and i do want to actually clarify as a matter of sequence that there's no reference to a warrants until they're inside the apartment just as a factual matter i think there was some confusion about that we've drawn a lot of demarcation on consent to entry and consent to go down the hall and so and so focusing on what happens again inside the apartment and the the reference to arrest warrants i do want to expressly address that point because i think it's important to say that we don't believe that this that bumper resolves this case um schneck loft makes makes clear that the issue of voluntary consent is a totality of the circumstances test and there's nothing in bumper that's to the contrary there bumper doesn't say that once the word warrant is spoken in any way shape or form that the case is just over in fact bumper goes through all of the other reasons why that scenario was what it calls instinct with coercion given that the individual was alone it was an elderly woman she was at the end of a mile long road it was a black being confronted by four white police officers in the 1960s all of those factors would not have been important to the court's decision if the word warrant alone resolved the case but when you refer to 1960s i'm not seeing what's going on around the world so different so i i understand your honor's point that that those issues haven't gone away but i think my my larger point is that the court was looking at a totality of the circumstances mr uh kayle you said that the district court found that miss brewer's understanding was that officer kramer was making a request for consent what would you point to as the strongest such finding where she made that finding that he was not asking uh you know can i go down the hall and look for them as i've said i need to but that you characterize it that she understood that he was asking for her so i point specifically on ja173 and ja174 on ja173 um in in the context of discussing the the interactions inside the apartment i'm looking at lines starting on line 17 that the trial court said it is abundantly clear from the conversation on the video that he was asking and not directing or ordering her i think that's about as clear of a factual finding as we can get and then on ja174 the court follows up again and says that tellingly miss brewer appeared to understand it as a question and then goes through the the reasons why and actually follows up on ja175 so so what about that is not equally consistent with acquiescence to a claim of authority well so i i'm happy to answer that your honor but as a prep premise i want to emphasize that the question here isn't whether it's equally consistent if there's two permissible views of the evidence here the trial court's factual finding by definition would not be clear error the question is whether the the findings of voluntariness was clear error but this relates to whether the district court made a legal error with respect to brewer so i'm getting there but but all of that is uh could be acquiescence to a claim of authority now the district judge set aside brewer and the question is did she i mean i'm sorry bumper did she correctly do so she distinguished bumper as a case in which quote the police sought consent by alluding to a warrant that did not exist right and she says that's not this case right and she she's she says the critical fact in bumper was that the police were alluding to a warrant that did not exist and that fact is not present here and then she emphasizes a couple of times that he's candidly describing the warrant and it's and what he's saying she says is that i have search warrants um but that's wrong right in bumper the existence or not of a warrant was not critical at all the holding turned on the fact that there was a claim of lawful authority right and then talks about the effect that such a claim putting aside whether the warrant or not which might be a separate you know malfeasance on the officer's part but just in terms of the subjective understanding of the person whose home it is um bumpers holding doesn't depend on the actual status but the district judge seemed to think that it did and so she set bumper aside once she thought that and she's no longer looking at the question of acquiescence to a claim of authority she's only looking at at overcoming someone's will so so your honor i would disagree with that characterization of what the district court does in this respect so so first of all i would say with respect to bumper um i don't think the district court was wrong to point out that distinction there are cases that that look to whether or not there was some level of deceit involved i do agree with your honor that that was not the be all end all of bumper um but the district i where i disagree with your honor's characterization of what the district court did is that the district court did not then drop the question of acquiescence versus consent what it was pointing to on jay 175 again the district court actually frames its finding in those terms it says um that you know it's based on how ms brewer reacted to what officer creamer said it did not appear in context to be an assertion of authority that he lacked but rather a plea could i just look the district court is making a factual finding there that she did not interpret this as assertion of authority that i can look regardless of whether you agree but as a factual matter that she understood it as a question well but that exactly actually cuts the other way no or arguably it does and i'd be interested in your response it did not appear in context to be an assertion of authority he lacked but it actually is an assertion of authority that he lacked that's why as uh ms bati said that's why we're here on consent not on the execution of a search warrant right he he didn't have authority to go walk through and look for the people named in the warrants right he did the warrant didn't give him that you acknowledge that right that that we're certainly not relying on the warrant for for justification to look through the apartment right yeah there's not there's the record would not support that your honor right and so when the district judge says it did not appear in context to be an assertion of authority that he lacked she's acknowledging that someone in ms brewer's position would think he's made a claim of lawful authority and then she's like she's not being confrontational she's not being you know struggling against the authority that that she thinks he's asserted but you know she clearly thinks that he's asserted the authority to walk through it can't go back to pg county unless you let me do this and so here's where i would push back your honor is that the district court repeatedly and both on j 173 and 174 says that based on the district court's factual findings in the entirety of the circumstances the entirety of the encounter to that point and specifically also looking at the nature of ms brewer's reactions that the district court made a factual finding that she was understanding that to be a question that's that's inconsistent with her understanding it to be an assertion of authority that she had to obey and the district court said she understood it as a question and for volunteering this that's the critical question not to be i mean if somebody's lawful authority and then they say so can i perform on that authority the fact that someone is going to say yes rather than you know i'm going to call my you know friend with a gun to come and chase you out of here like the fact that there's sort of acquiescence to lawful authority doesn't mean that this isn't a bumper case respectfully polite he's polite you know so if the district court had found your honor that ms brewer's reaction was in acquiescence then this would be a bumper case but the district court didn't find that it found the opposite it found that she understood it as as a question that was voluntary that she had that her will was not overborne the district court but then when you say the district court did not find this as a case of acquiescence i think that's some of our point there's a distinction between the voluntary consent and acquiescence and you need to find if there was legal error as to her not having a consideration that it's one or the other well respectfully your honor i would say that the fact that the district court found it to be a scenario in which ms brewer understood this to be a question that she had that she was not being ordered to obey and as a matter of her own agreed to accommodate that request that that takes this out of bumper doesn't because there's i mean i know that under schnittkopf there doesn't have to be the officers don't have to inform the homeowner that she has a right to exclude them right right but the if the homeowner believes that the officer is making a claim of lawful authority then you don't need any overbearing you don't need any sort of force or threats or you know diminished education on the part of the homeowner somebody makes a claim of lawful authority then it seems to me that as a factual matter there's a different set of findings that one would make to none say nonetheless the homeowner acquiesce like there's an eighth circuit case where it's like you don't need no you come on in i got nothing to hide you know in that kind of situation the the notion of acquiescence is to the side i don't see findings here though where ms brewer is making any kind of sort of supervening consent you may have authority you don't need authority with me you know nothing like that so again your honor i think the key is that the finding was that she viewed it as something that she had the option to either agree to that the the judge the judge i think the word the judge used is that she where do you find this option that she viewed it as an option so i would say that the that in on ja175 the judge said that the judge made a finding that she viewed it as a plea i mean a plea is something i feel like by definition that someone can either accept or decline if it's not if someone's asserting their authority i don't think that could properly be described as a plea come on let's not make this difficult you know i have an arrest warrant the arrestee is standing in front of me i'm saying can we can we make this easy for both of us you know we have i have a job to do i appreciate you know and the i think the key here making consideration just to piggyback off that that it always has to be you know your will is overborn or there's a strong urgent um urging or coercion or something bad you know you know beating you over the head with it as opposed to befriending you and you know using your niceties to get to what you really want to come on so i think the will being overborn as a term of art your honor would apply to both scenarios the question is whether the person viewed it as a volitionary involuntary consent but i also want to emphasize here your honor we're not arguing that in i mean certainly bumper would preclude us from arguing that in any case where someone referenced a warrant that they that there could not be a finding that that uh led to in acquiescence but that isn't what the court found here the court made factual findings that were not clearly erroneous as long as it was a permissible view of the evidence based on what miss brewer did absolutely i appreciate that that correct uh statement of the legal standard but there's no finding the district court is is sort of careful to point out uh that in her the court's view that miss brewer appreciated the distinction between a search warrant and arrest warrant and that officer creamer made clear to her that this these were arrest warrants and so i think the district court thought that was important because she thinks there's no false she thinks it's important to distinguish bumper that here there's no false claim of authority but the district court as far as i can tell did not make any finding that miss brewer knew or thought or understood that an arrest warrant does not empower police to search inside a third person's home for the arrestee and if she doesn't know that then even accurate reference to a search warrant could easily have been understood by miss brewer as a claim of lawful authority it seems like that's the strongest most obvious understanding of his proffering and restaurant saying just let me look around i have to go back to pg county and unless she understands that she has any choice in the matter so and again this woman's standing there in her nightgown at six something a.m with seven armed officers around her not and not not to go around in circles and i want to get to the substance of what your court that miss brewer understood that the warrant that officer creamer had the warrants that he had did not authorize him to cruise through just to look and see if the if the named suspects are there i agree the district court didn't make a fine no fun in those terms your honor but if i could finish well i believe that that's implicit in the district court's finding that she viewed it as a plea if if she had not viewed it as if she had viewed it as if she had understood him to be asserting that he had authority to do it whether she gave her permission or not that would be inconsistent with the district court's finding that it was a request and a plea and so certainly the fact that the district court made those findings i think implicitly would have rejected that on that that interpretation and and again the question here isn't whether anyone could have interpreted it the way your honor presupposes it's whether the district court clearly erred by that in this case under these circumstances miss brewer interpreted it that way and our position is that the court didn't clearly err by making that finding and we think that's supported um by all of the factors that you know we outlined in our briefing have outlined here i noticed yes question is there anything in the record that that indicates um why miss brewer didn't testify here is there anything about is there i am i am not aware of that your honor i do say i am over time if there are no further questions we would otherwise rely on um our brief in particular with respect to the fact that we strongly believe that any claims involving the entryway were waived and the other issues that have previously been addressed and we'd ask this court to affirm uh the district court's judgment thank you your honor is there any reserve time we were two minutes reserved and non-remaining all right well we used up all your time on direct questioning but you may use your two minutes for rebuttal if you'd like just very quickly i want to clarify and we're talking about i think there was a attempt to distinguish between entry and search but i want to just make clear that those factors at entry all of those factors are still relevant for determining you know the totality of the for purposes of the search the time of day the number of officers the manner in which they entered the manner in which they refused to answer her questions the insistence all of that is relevant for to create that atmosphere that essentially you know those stealthy encroachments as snuck off snuck off put it back turned to a wall you know and then when you had the seven seven officers you know uh flanking her and and impeding her movement that's all relevant for of determining whether or not she she gave unequivocal um and uh specific consent and that is the standard and here we are you know trying to figure out what's in her head and how she took the word need or warrants and and it there's a simple way to fix this and it's the government asking her any one of those seven law enforcement officers simply asking her do i have your consent to search your apartment and that would have that would have solved this and instead they did it what's the relief the relief is we're asking the court to vacate um mr uh mr glover's conviction um and uh reverse the denial of his motion to suppress and then i thought you said and and uh send it back to the district court for further proceedings which would refer to what um well we're asking for for the court to vacate his conviction um obviously without a gun we have no conviction here there's no retrial or anything no i just was wondering what the further pursuit oh yes yes about no no retrial yes okay um and then just one other thing on um uh again that the the the three the three gestures um that the government refers to and district court refers to none of those rise to the level of unequivocal specific consent i mean it's a little bit ridiculous to think that waving your hand or flicking on a light could even uh rise to that level um after the after the law enforcement officer after officer creamer has stated i've got warrants i need to search your home and and we cite we cite a um uh a treatise a quote on page 29 of our reply that that is that is very um applicable here because of the officer's claim of authority to search miss brewer's conduct in opening the premises with no more indicative of voluntary consent than acquiescence to the police claim of authority accompanied by an effort to minimize the damage to the private to the premises and degree of privacy intrusion that's exactly that exactly applicable here there's nothing in in the record there's no binding and and unreasonable and clear error to think that there's um that this would rise that miss brewer's reaction those three gestures would rise to unequivocal um and specific consent under is there something short of vacating in other words um there's been a lot of talk about the voluntary consent versus mere acquiescence that would seem to be a legal error so is there something i'm sorry could you repeat that is there something short of vacating the conviction because there was a lot of discussion about mere acquiescence versus um voluntary consent and and further findings by the district court um yeah i mean your honor something i'm not asking you to argue against yourself yeah because you want a full um conviction vacated right asking we've spent a lot of time about whether the factual findings were sufficient to make that distinction and so um do you see a potential remand if it's short of vacating the conviction well we're asking for i mean i know what you're asking but i'm saying is there something short of that i mean that's an option i i don't i don't think so given the given the legal errors of this that we are arguing um we're asking for vacature um because you think that if we find that there is a legal error that still leads to vacating yes your honor um absolutely i mean that there's no there's no you're the way we're asking we're asking this court to vacate because there's no basis for this conviction um and so you know the the district court committed these legal errors and uh as a result the fruits need to be of the fruits of the search the search was unlawful the fruits need to be suppressed um and there's there's just simply no basis for this conviction so we're asking for a vacation okay thank you the case is submitted
judges: Pillard; Rao; Childs